IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03557-PAB

JOHN DOE, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

PHOTOBUCKET, INC.,

    Defendant.

---

## MINUTE ORDER

**Entered by Chief Judge Philip A. Brimmer**

    This matter is before the Court on plaintiff's Class Action Complaint and Jury Demand. Docket No. 1.

    "Proceeding under pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quotation omitted). "Moreover, there does not appear to be any specific statute or rule supporting the practice. . . . To the contrary, the Federal Rules of Civil Procedure mandate that all pleadings contain the name of the parties, *see* Fed. R. Civ. P. 10(a), and Rule 17(a) specifically states that '[e]very action shall be prosecuted in the name of the real party in interest.'" *Id.* (quoting Fed. R. Civ. P. 17(a)). However, the Tenth Circuit has recognized three "exceptional" circumstances permitting a party to proceed under a pseudonym: (1) "cases involving matters of a highly sensitive and personal nature," (2) cases involving a "real danger of physical harm," and (3) "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

    "The public has a common law right to access judicial records and documents in civil cases, but the right is not absolute." *Doe v. FBI*, 218 F.R.D. 256, 258 (D. Colo. 2003). "[I]t is proper to weigh the public interest in determining whether some form of anonymity is warranted." *Femedeer*, 227 at 1246. "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id.* "The risk that a plaintiff may suffer some embarrassment is not enough" to permit the plaintiff to proceed anonymously. *Id.*

2

     Plaintiff identifies himself as John Doe, Docket No. 1 at 1; however, he did not seek leave to proceed under a pseudonym.  Accordingly, plaintiff must file a motion asking leave to proceed under a pseudonym.

     Wherefore, it is

     **ORDERED** that plaintiff shall file a motion seeking leave to proceed under a pseudonym on or before **February 25, 2025**.

     DATED February 18, 2025.